UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

LEONEL MARTINEZ                                                                                     PLAINTIFF

v.                                                              CIVIL ACTION NO. 5:17-CV-P166-TBR

JUDGE GREG N. STIVERS *et al.*                                                          DEFENDANTS

## MEMORANDUM OPINON

This is a *pro se* civil rights action brought by a convicted prisoner. The Court has granted Plaintiff Leonel Martinez leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, this action will be dismissed.

## I.

Plaintiff, who is an inmate at Kentucky State Penitentiary (KSP), sues the two Defendants in this action in their individual capacities – United States District Judge Greg N. Stivers and Kentucky Justice and Public Safety Cabinet Attorney Linda Keeton.

In his complaint, Plaintiff states his right to "equal protection" has been violated. He then writes that the approximate dates of the events giving rise to his claim are "2013, until 2017." He states that the facts underlying his claim are that "judge stiver continue to denied all lawsut from Hispanic black inmates based on race." He states that he has suffered "unfair treatment based on race." He further writes that he has filed "4 lawsuit which this court have refuse to do anything about all the racial abuse."[1] Plaintiff also states that he has filed another

---

[1] Plaintiff has filed five previous 42 U.S.C. § 1983 actions in this Court against KSP officials. *Martinez v. White et al.*, 5:13-cv-P53-GNS (pending); *Martinez v. Hiland et al.*, 5:13-cv-P182-GNS (judgment entered in favor of Defendants on October 24, 2017); *Martinez v. Vondewigelo et al.*, 5:13-cv-P132-GNS (judgment entered against Plaintiff on July 1, 2016); *Martinez v. KSP Grievance Coordinator*, 5:15-cv-P212-TBR (cased dismissed on

lawsuit in this Court which deals with the same facts involved in this action. The case he cites is *Martinez v. White*, 5:13-cv-182-GNS.[2] Plaintiff does not mention Defendant Keeton in the body of his complaint.[3]

As relief, Plaintiff requests that "Judge Greg Stivers should not review Hispanic and black lawsuit."

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less

---

November 17, 2015, for failure to comply with a Court order); *Martinez v. White et al.*, 5:16-cv-P192-TBR (pending).
[2]In *Martinez v. Hiland et al.*, 5:13-cv-P182-GNS, Judge Stivers recently granted summary judgment in favor of Defendants on Plaintiff's constitutional claims, including his claim that he had been denied medical treatment based upon his race (DN 124).
[3] Defendant Keeton represented the state Defendants in *Martinez v. Hiland et al.*, 5:13-cv-P182-GNS, and in some of the other actions filed by Plaintiff in this Court.

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**III.**

Plaintiff fails to state a claim against Judge Stivers because he is immune from suit. Under the doctrine of judicial immunity, judges are entitled to judicial immunity arising out of the performance of their judicial functions. *Mireles v. Waco*, 502 U.S. 9 (1991); *Forrester v. White*, 484 U.S. 219 (1988); *Dennis v. Sparks*, 449 U.S. 24 (1980). Judicial immunity from suit applies even when a judge is accused of acting maliciously or corruptly. *Mireles*, 502 U.S. at 11.

Judicial immunity from suit can be overcome in two situations, neither of which is applicable to Plaintiff's complaint. A judge is not immune from liability for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Stump v. Sparkman*, 435 U.S. 349 (1978). Neither of these exceptions to judicial immunity is applicable

here because it is evident that the alleged actions of Judge Stivers were taken in the course of his judicial capacity and were not committed in the complete absence of all jurisdiction.

Moreover, the injunctive relief Plaintiff seeks against Judge Stivers is not available under 42 U.S.C. § 1983, because, under the 1996 amendments to that statute, injunctive relief "shall not be granted" in an action against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." § 1983; *see also Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012). Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable. Consequently, Plaintiff's request for injunctive relief is barred. *See Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999).

In addition, Plaintiff's claims against Defendant Keeton fail because he makes no allegations against her in the complaint. A district court should not be required to guess or speculate about the basis of a plaintiff's civil rights claim. Rule 8 of the Federal Rules of Civil Procedure states that a complaint must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). *Pro se* pleadings must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but as previously explained, to state a claim sufficient to survive screening, a plaintiff must allege facts which are sufficient to give a defendant fair notice of the claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, n.3 (2007); *Harden-Bey v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008) (holding that conclusory allegations of unconstitutional conduct without specific factual allegations failed to state a claim). Because the complaint contains no allegations against Defendant Keeton, Plaintiff's claims against her must also be dismissed.

## IV.

For the foregoing reasons, Plaintiff's claims against Defendants Judge Stivers and Keeton will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. The Court will enter a separate order of dismissal consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
 Defendants
4413.011